# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## COURT FILE NO.: 19-367

| | |
|---|---|
| LAZAR SHCHERB<br><br>Plaintiff,<br><br>v.<br><br>ANGI HOMESERVICES INC.<br>HOMEADVISOR, INC.<br>ANGIESLIST, INC.<br>IAC/INTERACTIVE CORP.<br><br>Defendants. | **COMPLAINT** |

For the Complaint, the Plaintiff, Lazar Shcherb by and through undersigned counsel, states as follows:

## COMPLAINT

### Preliminary Statement

1. Plaintiff, Lazar Shcherb brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012).*

2. *"Month after month, unwanted robocalls, both telemarketing and informational, top the list of consumer complaints received by"* the Federal Communications Commission.

3. The TCPA is designed to protect consumer privacy by prohibiting unsolicited, prerecorded calls, unless the caller has the *"prior express written consent"* of the called party.

4. Plaintiff alleges that Defendants ANGI HOMESERVICES INC., HOMEADVISOR, INC., ANGIESLIST, INC., and IAC/INTERACTIVE CORP., made automated telephone calls using equipment prohibited by the TCPA to promote its services without Plaintiff's prior express written consent.

## JURISDICTION

5. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

6. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 et sec.

7. Jurisdiction is further supported in this district by several recent Federal Court decisions which have explicitly vested TCPA cases in the Federal forum.

8. This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), violations of orders, rules and

regulations promulgated the Federal Communications Commission (FCC) relating to the TCPA, the National Do Not Call registry and by its invasion of Plaintiff's privacy by repeatedly calling Plaintiff without authorization to do so.

9.     Venue is proper under 28 U.S.C. § 1391(b)(2) and (3) because the Defendant is subject to personal jurisdiction in this district and a substantial part of the property that is the subject of this action is owned by the Plaintiff, in this District. Furthermore, venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business in this District.

## PARTIES

10.    The Plaintiff, Lazar Shcherb, is an individual residing in New York, New York.

12.    Defendants to this lawsuit include ANGI HOMESERVICES INC., the corporate child company of the merger of ANGIESLIST, INC. and HOME ADVISOR INC., by online holding company giant and parent company of all previously named entities IAC/INTERACTIVE CORP. ANGI HOME SERVICES INC., is a Delaware Corporation, with its main business address at: 14023 Denver West Parkway, Suite 100, Golden, CO 80401.

13. The Defendants to this lawsuit include ANGIESLIST, INC., an Indiana Corporation, with its main business address at: 1030 E. Washington Street, Indianapolis, IN 46202.

14. The Defendants to this lawsuit include HOMEADVISOR, INC., a Delaware Corporation, with its main business address at: 14023 Denver West Parkway, Suite 100, Golden, CO 80401.

15. The Defendants to this lawsuit include IAC/INTERACTIVECORP., a Delaware Corporation, is the parent company of Defendants HOMEADVISOR, INC. ANGIESLIST, INC., and ANGIE HOMESERVICES INC.; with its main business address at: 555 WEST 18TH STREET NEW YORK, NEW YORK, 10011 .

## TCPA BACKGROUND

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that *"[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy."* ***The Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).***

17. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. ***105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).***

18. <u>Mims</u> explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" **Id. (citing 105 Stat. 2394).** Accordingly, Congress found that:

*"**Banning such automated or prerecorded telephone calls** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, **is the only effective means of protecting telephone consumers** from this nuisance and privacy invasion."*

*Id.* at § 14 (emphasis added).

19. Indeed, as the United States Supreme Court recently held in a different context, *"Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'"* **Riley v. California, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).**

20. In fact, the TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

21. The TCPA categorically bans entities from initiating telephone calls using an automated telephone dialing system (or "autodialer") to any telephone number assigned to a cellular telephone service. ***See 47 C.F.R. § 64.1200(a)(1)(iii); see also 47 U.S.C. § 227(b)(1).***

22. The categorical ban applies to any type of cellular telephone number, residential or business.

23. The TCPA prohibits the use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

24. Due to the fact that it prohibits the use of automatic dialers to *"call"* a cell phone,[1] the Telephone Consumer Protection Act (TCPA) generally prohibits spam text messaging and provides an explicit consumer private right of action with statutory and treble damages.

25. The FCC has ruled that the TCPA prohibition *"encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls."*[2]

26. Courts have reached the same conclusions as the FCC.[3]

## FACTUAL BACKGROUND

27. In November, 2017, Plaintiff began receiving phone calls to their cellular telephones from Defendants.

28. From November, 2017 through the February, 2018 of the instant matter, Defendants has made approximately 2-3 phone per week to each Plaintiff; Totaling approximately 65 telephone calls.

---

[1] See § 6.3, *supra.*

[2] See Report and Order, In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ¶ 165, 18 F.C.C. Rcd. 14014, 2003 WL 21517853 (F.C.C. July 3, 2003). Accord In re Rules & Regulations Implementation the Telephone Consumer Protection Act of 1991¶¶ 27, 107-108, 111-115, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780,____F.C.C.___(July 10, 2015).

[3] (See Gomez v. Cambell-Ewald Co., 768 F.3d 871 (9th Cir. 2014), cert. granted, 135 S. Ct. 2311 (2015)

29. Upon information and belief, when Defendants made these phone calls, it used equipment that had the capacity to store or produce telephone numbers to be called and/or texted, using a random or sequential number generator and/or a predictive dialer; with the capacity to dial such numbers.

30. Each call was initiated by Defendants for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services and, therefore, each was a *"telephone solicitation"* as defined in 47 U.S.C. §227(a)(3).

31. At no time did Plaintiff provide prior express permission for anyone to call and/or send SMS messages to either of their wireless numbers using equipment that has the capacity to store or produce random or sequential telephone numbers and / or with the use of a predictive dialer.

32. Defendants do not have, and has never had, an established business relationship with Plaintiff.

33. Plaintiff, on several dozen occasions have asked the agents of Defendants to stop calling them, and to take them off their call list, yet the calls continued and still continue without end.

34. Plaintiff seek damages for any and all calls and/or SMS messages that Defendants made to Plaintiff telephones numbers in violation of the TCPA and the rules, regulations and orders. (See 47 U.S.C.227 et seq.)

35. Defendant IACINTERACTIVECORP. who owns Defendant HOME ADVISOR INC. purchased controlling interest in ANGIESLIST INC., and then merged Defendant HOME ADVISOR INC. and ANGIES LIST INC. into one company called ANGI HOMESERVICES INC.

36. To the best of Plaintiff's information and belief HOME ADVISOR INC. or agents of HOME ADVISOR INC.'S on behalf of HOME ADVISOR INC. made the harassing and unlawful calls aforementioned in this instrument, however the other three (3) corporate Defendants who depending on the specific Defendant are either child, sibling or parent corporations of HOME ADVISOR INC., have liability as either parent, child, sibling, or subsidiary corporations and otherwise vicarious liability can be maintained against them.

37. It is well settled that a defendant may also be held liable under the TCPA consistent with traditional agency principles. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016), *as revised* (Feb. 9, 2016) ("[U]nder federal common-law principles of agency, there is vicarious liability for TCPA violations."); *McCabe v. Caribbean Cruise Line, Inc.*, No. 13-CV-6131, 2014 WL 3014874, at *3 (E.D.N.Y. July 3, 2014) ("[T]raditional principles of vicarious liability apply to actions brought under the TCPA because any other interpretation would allow companies to evade TCPA

liability simply by creative contracting.") (internal quotations and citations omitted.) *(See* Banks v. Pro Custom Solar*., No. 17-CV-613 (LDH) (JO), 2018 WL 3637960, at \*2 (E.D.N.Y. July 31, 2018))*

38. In the instant case **all** the Defendants should be liable vicariously as child, sibling, parent and/or subsidiaries of one another, and no amount of "creative contracting" should be used to evade liability herein. *Id.*

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. 227, ET SEC.

39. The Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The TCPA prohibits the making of any call – without prior express consent of the called party – by using any automatic telephone dialing system or artificial or prerecorded voice to any cellular telephone. Defendants violated the TCPA and Plaintiff's right to privacy by electronic transmission of written material to the cellular telephone and/or business telephones of the Plaintiff's, namely unsolicited commercial advertisements through calls using an automatic telephone dialing system and/or using an artificial and prerecorded message.

41. These advertisement calls were made without the prior express invitation or permission of Plaintiff.

42. Defendants has made numerous calls using an automatic telephone dialing system and/or using an artificial and prerecorded message to the cellular of the Plaintiff.

43. Defendants has, therefore, violated the TCPA, 47 U.S.C. 227(b)(1)(A)(iii).

44. As a result of Defendants unlawful conduct as alleged herein, the Plaintiff suffered actual damages and, under the TCPA is entitled, *inter alia*, to damages of at a minimum of $500.00 in damages for each such violation of the TCPA, and are entitled to damages in the amount of $1,500.00 per violation which are willful and wanton.

## COUNT II
## INJUNCTIVE RELIEF

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Defendants and/or its agents or independent contractors have possession, custody and control of the business records, databases, computer systems and other information and equipment necessary to prove the allegations and assertions of the Plaintiff's complaint and nature of the

willful and wanton conduct perpetrated by the Defendants. Unless immediate injunctive relief is ordered, the Defendants will alter, erase, delete, destroy or otherwise dispose of and remove such systems, records and equipment. For this reason, Plaintiff is entitled to an order prohibiting and enjoining Defendants and its agents or independent contractors from altering, deleting, destroying or otherwise disposing of any documents, records, databases or computer systems that are necessary prove the Plaintiffs' allegations.

47.     Defendants should be enjoined from further violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

A.     An award of actual and/or statutory damages to Plaintiff.

B.     An injunction requiring Defendants to ceases all wireless spam activities. Restraining Defendants from altering, erasing, changing, deleting, destroying or otherwise removing or disposing of any documents, records, databases, computer systems and the like currently in its possession or control or in the possession or control of its agents and contractors.

C.     An order preliminarily and permanently enjoining Defendants from engaging in the practices challenged herein.

D.     Reasonable attorneys' fees and costs; and

E.     Such further and other and other relief the Court deems just, proper and equitable.

Dated: Brooklyn, New York  
December 28, 2018

Respectfully Submitted,

  __/s/ Mikhail Usher_____  
Mikhail Usher, Esq.  
2711 Harway Avenue  
Brooklyn, New York 11214  
(718) 484-7510  
(718) 865-8566  
Musheresq@gmail.com

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAZAR SHCHERB<br><br>Plaintiff,<br><br>v.<br><br>ANGI HOMESERVICES INC.<br>HOMEADVISOR, INC.<br>ANGIESLIST, INC.<br>IAC/INTERACTIVE CORP.<br><br>Defendants. | **VERIFICATION** |

Plaintiff Lazar Shcherb, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
LAZAR SHCHERB

Subscribed and sworn to before me
this 28 day of December, 2018.

_____
Notary Public

MIKHAIL USHER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02US6348842
Qualified in Kings County
Commission Expires 10/03/2020