UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAZAR SHCHERB,

                                        Plaintiff,

                    -v-

ANGI HOMESERVICES INC. et al.,
                                        Defendants.

19-CV-367 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Lazar Shcherb brings this action against various corporate defendants, alleging that they used an automatic telephone dialing system to call his cell phone in violation of the Telephone Consumer Protection Act. The defendants have moved to dismiss the complaint for failure to state a claim. For the reasons that follow, the motion is granted.

I.      Background

The following facts are taken from the complaint (Dkt. No. 1 ("Compl.")) and are assumed true for purposes of this motion to dismiss.

In November 2017, Plaintiff Lazar Shcherb began receiving phone calls to his cellular phone from Defendants Angi Homeservices Inc., HomeAdvisor, Inc., Angieslist, Inc., and IAC/Interactive Corp.[1] (Compl. ¶ 27.) From November 2017 to February 2018, Plaintiff received approximately two to three calls a week, totaling approximately sixty-five calls. (Compl. ¶ 28.) Plaintiff never provided express permission for these calls. (Compl. ¶ 31.) Plaintiff also contends, "[u]pon information and belief," that "when Defendants made these phone calls, [they] used equipment that had the capacity to store or produce telephone

_____

[1] Defendant IAC/Interactive Corp. is the corporate parent of Defendants Angi Homeservices Inc., HomeAdvisor, Inc., and Angieslist, Inc. (Compl. ¶¶ 35–36; Dkt. No. 25 ¶ 7.)

numbers . . . using a random or sequential number generator and/or a predictive dialer" with "the capacity to dial such numbers." (Compl. ¶ 29.)

As a result, Plaintiff brings suit under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. Plaintiff seeks damages, injunctive relief, and fees and costs. (Compl. 11–12.) Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II.    Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.    Discussion

Plaintiff's complaint must be dismissed because it does not adequately allege that Defendants used an automatic telephone dialing system. The TCPA provides, in relevant part:

> It shall be unlawful . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1) (emphasis added). An "automatic telephone dialing system," or ATDS, is a device with the "capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." *Id.* § 277(a)(1).

Plaintiff's complaint merely parrots the statutory language. The complaint avers, "[u]pon information and belief," that Defendants "used equipment that had the capacity to store or produce telephone numbers to be called and/or texted, using a random or sequential number

generator and/or a predictive dialer; with the capacity to dial such numbers." (Compl. ¶ 29.) The complaint contains no other factual content in support of this naked assertion. It must therefore be dismissed. "Although there is no binding precedent in [the Second Circuit], the vast majority of courts to have considered the issue have found that 'a bare allegation that defendants used an ATDS is not enough.'" *Baranski v. NCO Fin. Sys., Inc.*, No. 13-CV-6349, 2014 WL 1155304, at *6 (E.D.N.Y. Mar. 21, 2014) (alteration omitted) (quoting *Jones v. FMA Alliance Ltd.*, No. 13-CV-11286, 2013 WL 5719515, at *1 (D. Mass. Oct. 17, 2013)); *see also Simon v. Ultimate Fitness Grp., LLC*, No. 19-CV-890, 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019) (requiring factual allegations that are "plausible indicia of an ATDS"); *Rotberg v. Jos. A. Bank Clothiers, Inc.*, 345 F. Supp. 3d 466, 477 (S.D.N.Y. 2018) (requiring factual "allegations indicative of Defendants' use of an automated calling platform").

The complaint is therefore dismissed in its entirety.[2]

In the event of dismissal, Plaintiff has requested leave to amend. The request is granted. *See Hayden v. Cty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint.").

---

[2] The complaint is independently defective because it does not sufficiently plead the involvement of Defendants Angi Homeservices Inc., Angieslist, Inc., and IAC/Interactive Corp. The complaint does not allege that any of these defendants were involved in making calls to Plaintiff's phone. (*See* Compl. ¶ 36 ("To the best of Plaintiff's information and belief HOME ADVISOR INC. . . . made the harassing and unlawful calls . . . however the other three (3) corporate Defendants . . . have liability as either parent, child, sibling, or subsidiary corporations and otherwise vicarious liability can be maintained against them.").)

It is true that there is likely "vicarious liability for TCPA violations." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016). But vicarious liability under the TCPA is premised on an "agency relationship," *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 877 (9th Cir. 2014), and Plaintiff has pleaded no facts that would allow a plausible inference that HomeAdvisor, Inc., was acting as the agent of any of the other Defendants. For this reason, Plaintiff has failed to state a claim against Angi Homeservices Inc., Angieslist, Inc., or IAC/Interactive Corp.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.  Plaintiff is

granted leave to amend the complaint within 30 days of this Opinion and Order.

The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED.

Dated:  October 25, 2019
        New York, New York

_____
            J. PAUL OETKEN
        United States District Judge