| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: __5/21/2020__ |

LAZAR SHCHERB,

                Plaintiff,

-against-

ANGI HOMESERVICES INC.;
HOMEADVISOR, INC.; ANGIESLIST,
INC.; and IAC/INTERACTIVE CORP.,

                Defendants.

1:19-cv-367-MKV

OPINION AND ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Lazar Shcherb ("Plaintiff") filed a Complaint alleging violations of the Telephone Consumer Protection Act ("TCPA") on January 14, 2019. ECF No. 1 (the "First Complaint"). On October 10, 2019, the Court, in an opinion by Judge Oetken, granted a motion by defendants Angi Homeservices, Inc., Angie's List, Inc., and IAC/InterActiveCorp's (collectively the "Moving Defendants") to dismiss the first complaint under Federal Rule of Civil Procedure 12(b)(6), ECF No. 27 (the "First Order of Dismissal"), but granted Plaintiff leave to amend. Plaintiff did so, ECF No. 28 (the "Amended Complaint"), and Moving Defendants have now moved to dismiss the Amended Complaint. ECF No. 31. For the reasons set forth below, the Court GRANTS the Motion to Dismiss.

## BACKGROUND

A concise summary of Plaintiff's factual allegations may be found in the First Order of Dismissal. *Id.* At 1–2. The only fact particularly relevant here is the continued *lack* of specific factual allegations with respect to the various defendants sufficient to support a finding of agency or otherwise impose vicarious liability, a deficiency that was noted by Judge Oetken in the First

Order of Dismissal.  Plaintiff alleges that Defendant Home Advisor Inc. (not one of the Moving Defendants) made the purportedly illegal phone calls and that "the other three (3) corporate Defendants who depending on the specific defendant are either child, sibling, or parent corporations of Home Advisor Inc.." Amended Complaint at ¶ 37.  There is no allegation as to why any of these related entities might be considered a principal of Home Advisor Inc.  Rather, Plaintiff argues that "**all** the Defendants should be vicariously liable as child, sibling, parent and/or subsidiaries of one another."  *Id.* at ¶ 39.

## DISCUSSION

To survive a motion to dismiss, Plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, a viable claim requires more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well-established that liability does not automatically follow from mere corporate affiliation. *See, e.g.*, *New London Assocs., LLC v. Kinetic Soc. LLC*, 384 F. Supp. 3d 392, 410 (S.D.N.Y. 2019)  ("It is well settled that corporate ownership and control is insufficient to establish vicarious liability for torts committed by a corporate entity") (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)).  While at least one court has found vicarious liability for TCPA violations, that finding was premised on the existence of an agency relationship.  *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 674 (2016), *as revised* (Feb. 9, 2016).[1] .

---

[1] *Campbell-Ewald* upheld the Ninth Circuit's affirmation of vicarious liability for TCPA under agency principles.  While, as the First Order of Dismissal noted, this is likely correct, the question has not been squarely addressed by the Second Circuit.

Regardless of whether an agency relationship suffices to sustain TCPA liability, the Amended Complaint does not contain a single factual allegation suggesting that HomeAdvisor, Inc. acted as the agent of any of the Moving Defendants when it made the allegedly illegal phone calls to Plaintiff.  Assertions that one company is the parent of another or conclusory allegations that a parent directed or controlled the subsidiary are insufficient to plead the existence of an agency relationship.  *See Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 88 (S.D.N.Y. 2010) (rejecting liability for parent company in the absence of sufficient basis for veil piercing or agency liability).  Specific factual allegations regarding agency are required.  *See*, *e.g.*, *Dumont v. Litton Loan Servicing, LP*, No. 12-cv-2677-ER-LMS, 2014 WL 815244, at *23 (S.D.N.Y. Mar. 3, 2014) (dismissing a complaint lacking more than "vague allegation[s]" as to agency); *Spagnola*, 264 F.R.D. at 88–89 (S.D.N.Y. 2010) (noting "courts routinely dismiss claims based on agency theory where the pleadings contain insufficient allegations in that regard") (collecting cases); *RSM Production Corp. v. Fridman*, 643 F. Supp. 2d 382, 408 (S.D.N.Y. 2009) (dismissing in light of "conclusory allegations regarding the agency relationship" and a "failure to allege that [corporate defendant] took any actions at all with respect to" the offending conduct).  At best, the Amended Complaint now contains assertions that one of the Moving Defendants "owns" or has a "controlling interest" in HomeAdvisor. *See* Amended Complaint at ¶ 36.  Such allegations are patently insufficient to state a claim that there is an agency relationship.  Moreover, it is directly contrary to law that any of the Moving Defendants (or any corporation) can, merely by virtue of their corporate relationship with HomeAdvisor, Inc., "have liability as either parent, child, sibling, or subsidiary corporations," as plaintiff alleges.  *Id.* at ¶ 37.[2]

---

[2] Plaintiff's Opposition to the Moving Defendants' Motion to Dismiss the Amended Complaint suffers from the same misapprehension.  ECF No. 38 at 4.  Liability does not simply "exist[] pursuant to a merger."  *Id.*

Limited corporate liability is not the result of "creative contracting," as plaintiff charges.  (*Id.* at ¶ 39).   Rather, it is a fundamental and "deeply ingrained" principle of our legal system that a parent is not liable for the acts of its subsidiaries, nor are companies liable for the acts of affiliates.  *Bestfoods*, 524 U.S. at 61.  To permit otherwise would risk "expos[ing] any corporate parent to potential agency liability," *Dumont*, 2014 WL 815244, at *23, for all actions of its subsidiaries and would ignore separate legal corporate existence.[3]

The Court notes that this is not the first time these issues have been raised.  The First Order of Dismissal was premised on the deficient allegations as to HomeAdvisor's use of an illegal automatic dialing device. It appears that deficiency has been addressed in the Amended Complaint and Home Advisor's is not a party to the renewed motion to dismiss. But, Judge Oetken also went on to separately explain the further pleading deficiency in the original complaint:

> [t]he complaint is independently defective because it does not sufficiently plead the involvement of [the Moving Defendants]. . . and Plaintiff has pleaded no facts that would allow a plausible inference that HomeAdvisor, Inc. was acting as the agent of any of the other Defendants.  For this reason, Plaintiff has failed to state a claim against [the Moving Defendants].

First Order of Dismissal at 3 n. 2.  The Court granted Plaintiff an opportunity to amend his complaint to cure the deficiencies.  Despite Judge Oetken's explanation, Plaintiff has failed in his Amended Complaint to remedy this additional deficiency.  There are no allegations of specific conduct by the Moving Defendants that purportedly violates the TCPA, and, there are no factual allegations supporting a finding of agency.  Rather, Plaintiff seeks to predicate liability on the

---

[3] While the parties briefing touches on the theory of "veil-piercing," the Amended Complaint makes no mention of it and alleges only that "traditional agency principles" create liability for the Moving Defendants. *Id.* at ¶ 38.

mere corporate relationship of the Moving Defendants to HomeAdvisor, Inc., the Defendant that allegedly made the offending calls.

"When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice." *Liner v. Goord*, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000).  Despite being on notice of his failure to plead facts supporting the plausible inference of an agency relationship, Plaintiff made no amendments to correct the defect in his claims.  Moreover, dismissal with prejudice as to the Moving Defendants will not terminate the action.  Having apparently now pled facts sufficient to address the "automatic dialer" issue, Plaintiff's case will proceed against Defendant HomeAdvisor, Inc..

## CONCLUSION

For the foregoing reasons, the Moving Defendants Motion to Dismiss is GRANTED with prejudice.  The Clerk of the Court is directed to close the motion at docket entry 31 and close the case as to ANGI HOMESERVICES INC., ANGIESLIST, INC., and IAC/INTERACTIVE CORP.

**SO ORDERED.**

**Date:  May 21, 2020**
**New York, NY**

MARY KAY VYSKOCIL
United States District Judge

5