USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAZAR SHCHERB,
    *Plaintiff*,

v.

ANGI HOMESERVICES INC., *et al.*,
    *Defendants*.

Case No. 1:19-cv-000367

Hon. Mary Kay Vyskocil

## STIPULATION AND [PROPOSED] ORDER TO STAY THE PROCEEDINGS

**WHEREAS**, plaintiff, Lazar Shcherb ("Plaintiff") filed a Verified Amended Complaint on November 7, 2019, asserting claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. 227, *et seq.* and for injunctive relief; and

**WHEREAS**, defendant HomeAdvisor, Inc. ("HomeAdvisor) filed its Answer and Defenses to Verified Amended Complaint on December 19, 2019; and

**WHEREAS**, the Court entered an Opinion and Order [ECF doc. 42] on May 21, 2020 dismissing the Verified Amended Complaint with prejudice against ANGI Homeservices, Inc., AngiesList, Inc., and IAC/InterActiveCorp., leaving HomeAdvisor as the sole defendant; and

**WHEREAS**, on June 11, 2020, the Court entered a Civil Case Management Plan and Scheduling Order, and Plaintiff and HomeAdvisor, Inc. (together, the "Parties") have since been engaged in discovery in this Action; and

**WHEREAS**, on July 9, 2020, the Supreme Court of the United States granted *certiorari* in *Facebook, Inc. v. Duguid et al.*, No. 19-511 (*cert. granted* July 9, 2020) ("*Facebook v. Duguid*), in which it is anticipated that the Supreme Court of the United States will address issues regarding the TCPA that will significantly impact, and potentially moot, the claims and defenses in this Action. In particular, the Supreme Court has granted certiorari to resolve a burgeoning circuit split and address the following question: "Whether the definition of ATDS in the TCPA encompasses any device that

can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'" The Supreme Court will thus likely either functionally overrule or affirm the Second Circuit's recent decision on this issue, as set forth in *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020);[1] and

**WHEREAS**, the Parties wish to stay the proceedings in this Action, pending a final decision by the United States Supreme Court in its review of *Facebook v. Duguid*, in order to conserve the Parties' and the Court's resources and narrow the issues that will be presented to the Court in this Action.

**WHEREAS**, numerous district courts around the country have stayed TCPA cases, upon the agreement of the parties, pending the resolution in *Facebook v. Duguid*. *See, e.g.*, *Bittner v. Franchise World Headquarters LLC*, No. 3:20-cv-522 (D. Conn); *Blower v. Portfolio Recovery Associates, LLC*, No. 3:19-cv-2270 (S.D. Cal.); *Boger v. Citrix Systems, Inc.*, No. 8:19-cv-1234 (D. Md.); *Brickman v. Facebook, Inc.*, No. 3:16-cv-751 (N.D. Cal.); *Cunningham v. Big Think Capital Inc.*, No. 2:19-cv-638 (E.D.N.Y.); *Rogers v. Navient Solutions*, No. 1:20-cv-276 (E.D. Va); *Grome v. USAA Sav. Bank*, No. 4:19-cv-03080-JMG-SMB, 2020 U.S. Dist. LEXIS 123224 (D. Neb. July 14, 2020); *Hoagland v. Axos Bank*, No. 19-cv-00750-BAS-DEB, 2020 U.S. Dist. LEXIS 132831 (S.D. Cal. July 27, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, No. 2:19-cv-01935-JAM-DB, ECF No. 22 (E.D. Cal. July 17, 2020); *In re Portfolio Recovery Assocs.*, No.: 11-md-02295 JAH-BGS, 2020 U.S. Dist. LEXIS 132312 (S.D. Cal. July 27, 2020); *Jones v. Ushealth Group, Inc.* No. 2:19-cv-2534 (D. Kan.); *Mizrahi v. Kalamata Research Services, LLC*, No. 1:20-cv-666 (E.D.N.Y.); *Rodriguez v. Portfolio Recovery Associates, LLC*, No. 3:19-cv-2266 (S.D. Cal.); *Sensibaugh v. Ef Education First, Inc.*, No. 2:20-cv-

---

[1] On this issue the Second Circuit is generally aligned with the Ninth Circuit (*Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018)) and the Sixth Circuit (*Allan v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 4345341 (6th Cir. 2020)) and against the Seventh Circuit (*Gadelhak v. AT&T Servs., Inc*, 950 F.3d 458 (7th Cir. 2020)) and the Eleventh Circuit (*Glasser v. Hilton Grand Vacations Co*., 948 F.3d 1301 (11th Cir. 2020).

123344662.2

1068 (C.D. Cal.); *Daniel v. Lennar Corporation*, No. 8:19-cv-452 (C.D. Cal.); and, *Whattoff-Hall v. Portfolio Recovery Assocs.*, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal. July 23, 2020).

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by the parties hereto, through their undersigned counsel, subject to approval by the Court, that:

1. The proceedings in this Action shall be stayed pending the final decision by the United States Supreme Court in its review of *Facebook v. Duguid*.

2. Within seven days of the issuance of the mandate by the United States Supreme Court in its review of *Facebook v. Duguid*, the Parties shall confer in good faith regarding revised dates in the Civil Case Management Plan and Scheduling Order, and promptly thereafter propose a revised Civil Case Management Plan and Scheduling Order to the Court.

Facsimile or e-mail signatures shall be deemed to be originals, and this Stipulation may be signed in counterparts.

Dated:  New York, New York
        August 21, 2020

| **USHER LAW GROUP P.C.** | **CARLTON FIELDS, P.A.** |
|---|---|
| By: */s/  Mikhail Usher*<br>Mikhail Usher, Esq.<br>2711 Harway Avenue<br>Brooklyn, New York 11214<br>T: (718) 484-7510 / F: (718) 865-8566<br>MikeUsher@UsherLegal.com<br>*Attorneys for Lazar Shcherb* | By: */s/  Michael D. Margulies*<br>Michael D. Margulies, Esq.<br>405 Lexington Avenue, 36th Floor<br>New York, New York 10174<br>T: (212) 430-5500 / F: (212) 430-5501<br>mmargulies@carltonfields.com<br>*Attorneys for HomeAdvisor, Inc.* |

**Granted. SO ORDERED.**

Date: 08/24/2020
New York, New York

Mary Kay Vyskocil
United States District Judge

3

123344662.2